**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RACHEL NOLAN, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No. 17-cv-03413 |
| v. | ) | |
| | ) | |
| PORTFOLIO RECOVERY | ) | |
| ASSOCIATES, LLC, | ) | |
| | ) | |
| DEFENDANT. | ) | Jury Demanded |

## COMPLAINT

Plaintiff, Rachel Nolan, brings this action under the Fair Debt Collection Practices Act,

15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Illinois Collection Agency Act, 225 ILCS 425, *et*

*seq.* ("ICAA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. §

1331, and pursuant to 28 U.S.C. § 1367 as to Plaintiff's state law claim(s).

2. Venue is proper in this District because parts of the acts and transactions occurred

here and Defendant transacts substantial business here.

## STANDING

3. Defendant communicated false information regarding an alleged debt to a third

party.

4. Plaintiff has a congressionally defined right to have any communications

regarding an alleged debt communicated to a third party be accurate and properly reflect any

disputed status.

5.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, and suffered harm to her reputation, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## PARTIES

6.     Plaintiff, Rachel Nolan ("Plaintiff"), is a resident of the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a defaulted WFNB retail credit account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA and 225 ILCS 425/2 of the ICAA.

7.     Defendant, Portfolio Recovery Associates, LLC, ("PRA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Defendant operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

8.     PRA is authorized to conduct business in Illinois, and maintains a registered agent here. (Exhibit A, Record from the Illinois Secretary of State). In fact, PRA conducts business in Illinois.

9. PRA is licensed as a collection agency in Illinois. (Exhibit B, Record from the Illinois Department of Financial and Professional Regulation).

10. PRA acts as a debt collection agency in Illinois.

## FACTUAL ALLEGATIONS

11. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for a WFNB retail credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA, and a "consumer debt" as that term is defined in 225 ILCS 425/2 of the ICAA.

12. Due to her financial circumstances, Plaintiff could not pay any debts, and the alleged went into default.

13. WFNB charged off the account sometime in 2015, with a balance of $1,631.51.

14. WFNB ceased charging interest and late fees to Plaintiff after charge off.

15. WFNB ceased sending statements to Plaintiff after charge off.

16. WFNB has waived any right to collect interest on the alleged debt.

17. PRA subsequently purchased the alleged debt.

18. In January 2017, PRA communicated a balance of $1,666 to the Equifax consumer reporting agency. (Exhibit C, Excerpt of Plaintiff's Equifax credit report showing Defendant's tradeline).

19. PRA attempted to collect an additional $34.49 to which it was not entitled, over and above the charge-off balance of $1,631.51.

20. On information and belief, PRA adds small amounts to many accounts it collects from millions of consumers in the United States, amounting to millions of dollars of revenue to which it is not entitled.

21.     PRA misrepresented the amount of the alleged debt to the credit reporting

agencies and to Plaintiff.

22.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (2) The false representation of—**
            **(A) the character, amount, or legal status of any debt. . .**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

23.     PRA communicated false credit information, and falsely represented the amount

of a debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(8), when it communicated an

inflated balance to Equifax.

24.     15 U.S.C. § 1692f of the FDCPA provides as follows:

**Unfair practices**

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .**

25.     PRA attempted to collect an amount not authorized by the agreement creating the

debt or permitted by law when they attempted to collect an additional $34.49 from Plaintiff, in

violation of 15 U.S.C. §§ 1692f and 1692f(1).

26.     Plaintiff is elderly and battling cancer, and in an effort to get her affairs in order with respect to this and other alleged debts, sought the assistance of the attorneys at Community Lawyers Group, Ltd., who, on her behalf, sent a letter to PRA disputing the amount of the alleged debt.

27.     PRA forwarded the dispute to its local collection attorney, Blitt and Gaines, P.C., ("Blitt") who responded to Plaintiff's dispute.

28.     Blitt indicated that PRA had determined Plaintiff's dispute to be invalid. (Exhibit D, Response from Blitt and Gaines, P.C.).

29.     Yet Blitt provided clarification as to the amount owed on the alleged debt, which was the lower amount of $1,631.51.

30.     Further, in February 2017, PRA communicated the lower balance to Equifax. (Ex. C, Equifax report).

31.     Plaintiff had not made any payments on the alleged debt.

32.     Either the credit information communicated to Equifax in January 2017 – that the balance on the alleged debt was $1,666 – was false, or the credit information communicated to Equifax in and after February 2017 – that the balance on the alleged debt was $1,632 – was false; both amounts cannot be correct as the account balance cannot *decrease* over time in the absence of any payments.

33.     Plaintiff was confused by the varying amounts PRA was claiming as due and owing.

34.     Plaintiff was distressed by the varying amounts and experienced frustration and anxiety over the varying balance of the alleged debt because she was making an effort to get her affairs in order and needed accurate records to do so. Plaintiff was afraid to call PRA to discuss

their records because she was afraid of the aggressive debt collection tactics typically used by PRA and other debt collectors and did not have the energy to engage directly with PRA.

35.     PRA's changing records were preventing her from knowing the true amount of indebtedness, if any.

36.     In fact, PRA did not know how much Plaintiff owed on the alleged debt, yet it continued to communicate information regarding the alleged debt to the credit bureaus.

37.     15 U.S.C. § 1692e of the FDCPA provides as follows:

> **False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
> **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

38.     PRA communicated false credit information, and falsely represented the amount of a debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(8), when it communicated varying balances on the same alleged debt.

39.     Credit reporting by a debt collector constitutes an attempt to collect a debt. *See, e.g., Rivera v. Bank One*, 145 F.R.D. 614, 623 (D.P.R. 1993) (a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder").

40.     Further, violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's

decision making process, are material. *See Lox v. CDA*, 689 F.3d 818, at 827. Here, PRA's misrepresentation of the amount of the debt could cause Plaintiff to pay the inflated amount, or to enter into a payment plan which included the inflated amount.

41. 225 ILCS 425/9 of the ICAA prohibits the following:

> **. . . (30) Misrepresenting the amount of the debt alleged to be owed. . . .**

42. PRA misrepresented the amount of an alleged debt, in violation of 225 ILCS 425/9(a) of the ICAA, when it communicated varying balances on the same alleged debt to Equifax.

43. A private right of action exists for violation of the ICAA. *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 392 N.E.2d 154 (1st Dist. 1979).

44. In fact, statutes providing for administrative remedies (e.g. the revocation of a license, etc.) imply civil rights of action in Illinois. *Trull v. GC Servs. Ltd. P'ship*, 961 F. Supp. 1199, 1206 (N.D. Ill. 1997).

45. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

46. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

47. PRA communicated false credit information, and falsely represented the amount of a debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(8), when it communicated an inflated balance to Equifax.

48. PRA attempted to collect an amount not authorized by the agreement creating the debt or permitted by law when they attempted to collect an additional $34.49 from Plaintiff, in violation of 15 U.S.C. §§ 1692f and 1692f(1).

49.     PRA communicated false credit information, and falsely represented the amount of a debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(8), when it communicated varying balances on the same alleged debt.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

C.     Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

D.     Such other or further relief as the Court deems proper.

## COUNT II—ILLINOIS COLLECTION AGENCY ACT

50.     Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

51.     PRA misrepresented the amount of an alleged debt, in violation of 225 ILCS 425/9(a) of the ICAA, when it communicated varying balances on the same alleged debt to Equifax.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A.     Compensatory and punitive damages;

B.     Costs; and

C.     Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: s/*Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood

***Community Lawyers Group. Ltd.***
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com